UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK LEE CARDELL-SMITH,

                Plaintiff,

        -against-

SEAN JOHN COMBS; SEAN JOHN COMBS
ENTERPRISES; SEAN "PUFF DADDY"
COMBS; P. DIDDY; PUFFY BROTHER
LOVE; FELLOW CONVICTED FELON
SEAN JOHN COMBS,

                Defendants.

25-CV-9743 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Kinross Correctional Facility in Kinchelo,

Michigan, brings this action *pro se*. Because Plaintiff did not pay the filing fees when he filed the

complaint, the Court understands that he is seeking to proceed without prepayment of fees, that

is, *in forma pauperis* ("IFP"). Plaintiff has been recognized as barred, however, from filing any

new civil action IFP while he is a prisoner. *See Cardello-Smith v. Combs*, No. 2:24-CV-12737

(E.D. Mich. Nov. 18, 2024). That order relied on the "three-strikes" provision of the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1] That order listed the following cases, among others, as strikes: *Smith v. Google*, No.
2:21-CV-11489, 2021 WL 3164282 (E.D. Mich. July 27, 2021) (dismissing action, filed while
Plaintiff was a prisoner, for failure to state a claim on which relief may be granted); *Smith v.
Hall*, No. 1:18-CV-0277, 2018 WL 1602633 (W.D. Mich. Apr. 3, 2018) (same); *Smith v.
Lemaire*, No. 1:14-CV-0644, 2015 WL 6133144 (W.D. Mich. Oct. 16, 2015) (same).

Although Plaintiff has filed this new action and the Court understands him to be seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff brings breach of contract claims arising from investments he allegedly made with Defendants. Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    December 2, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees.

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).